# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| STACY K. PERKINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:13-cv-01428-TWP-DML |
|  | ) |  |
| CAROLYN COLVIN, Commissioner of Health And Human Services, Social Security Administration, | ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Stacy K. Perkins ("Mr. Perkins") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), and for Social Security Supplemental Income ("SSI") under Title XVI of the Act.[1] For the reasons set forth below, the Court **AFFIRMS** the Commissioner's decision.

## I. BACKGROUND

### A. Procedural History

On December 10, 2008, Mr. Perkins filed an application for SSI and DIB, alleging a disability onset date of July 30, 2007. These claims were denied initially on March 6, 2009, and upon reconsideration on May 18, 2009. Thereafter, Mr. Perkins filed a written request for a hearing, which was held on March 11, 2011, before Administrative Law Judge Monica LaPolt ("the ALJ"). Mr. Perkins was represented counsel. The ALJ issued an unfavorable determination

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits or Supplemental Security Income. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted decisions.

on March 24, 2011. ([Filing No. 17-3, at ECF pp. 9-21](#).) Mr. Perkins appealed the ALJ's decision to the Appeals Council. The Appeals Council remanded the case to the ALJ on November 4, 2011, because the hearing record was partially inaudible, thus creating an incomplete record. ([Filing No. 17-3, at ECF pp. 26-29](#).) The Appeals Council ordered the ALJ to conduct a new hearing, which was held on March 12, 2012. Mr. Perkins was represented by attorney Ashley D. Marks at the hearing. The Appeals Council also determined that a subsequent DIB application, filed on June 8, 2011, was a duplicate and ordered the ALJ to associate the claim files and issue a new decision on the associated claims. The ALJ issued a second opinion on April 9, 2012, again denying Mr. Perkins's applications for SSI and DIB. On July 10, 2013, the Appeals Council denied Mr. Perkins's request for review of the April 9, 2012 order, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Mr. Perkins filed his Complaint in this action on September 9, 2013.

Mr. Perkins subsequently filed another application for DIB, again alleging an onset date of July 30, 2007. On January 16, 2014, the Social Security Administration determined that Mr. Perkins met the medical requirements for disability benefits, finding that he was disabled as of April 10, 2012, one day after the ALJ's decision dated April 9, 2012.[2] ([Filing No. 25-1](#).) Additional medical reports, submitted to the Social Security Administration in August, October, and November 2013, were used in deciding Mr. Perkins's claim.

**B.     Factual Background**

Mr. Perkins was 47 years old at the time of his alleged onset date and 52 years old at the time of the ALJ's April 9, 2012 decision. He had a high school education and past relevant work

---

[2] Mr. Perkins did not provide a copy of the second notice regarding whether he met the non-medical requirements for disability benefits. However, this determination is not under review by this Court, and this information is provided solely for background purposes.

as an automobile assembly line worker or grinder/deburring operator, picker/packer, and bakery mixer. Mr. Perkins alleges disability due to back pain, right shoulder pain, and depression.

Mr. Perkins sustained a back injury in November 2006 when he twisted suddenly while working. At that time, Mr. Perkins's physical examination was normal other than tenderness and mildly limited back flexion. In May 2007, he sought additional treatment for his back injury, where he complained of pain radiating into both legs. A physical examination revealed normal strength and sensation, mildly positive straight leg raising, normal gait, and normal ability to squat. Magnetic resonance imaging of Mr. Perkins's lumbar spine revealed some mild joint arthropathy and minimal disc bulging at L5-S1 with only mild spinal canal narrowing. In November 2007, Mr. Perkins reported to his back specialist, Dr. John Shay, M.D., that his medication allowed him to function at a reasonable level. Dr. Shay recommended pain management and re-training for a less physical line of work.

Mr. Perkins sought treatment for his back in March and April 2008. His physical examinations were normal, other than tenderness and slightly decreased range of motion. He had the normal ability to move about, walk, and squat; normal sensation; and normal straight leg raising. Mr. Perkins was advised to avoid heavy lifting and repetitive bending or stooping. He was discharged in September 2008 due to lack of compliance, and there is no evidence of further treatment for the remainder of 2008 or in the early part of 2009.

Mr. Perkins underwent a consultative examination in February 2009 at the request of the agency. The physical examination was normal other than reduced lumbar flexion and mildly reduced range of motion in the right shoulder. In May 2009, Mr. Perkins saw family physician Dr. Charles Platz, M.D., with complaints of back pain, although he was not taking any medication

at that time. His examination was normal other than mild lumbar tenderness. Mr. Perkins reported worsening back symptoms in April 2010, but a May 2010 physical examination was unchanged.

In March 2011, Mr. Perkins reported that his mood was doing well on medication but that he had difficulty concentrating, sitting or standing for more than 30 minutes, and had difficultly lifting. Physical and mental examinations were unchanged from prior visits.

## II. DISABILITY AND STANDARD OF REVIEW

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e. one that significantly limits his ability to perform basic work activities) that meets the durational requirement, he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the ALJ determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). In order to determine steps four and five, the ALJ must determine

the claimant's Residual Functional Capacity ("RFC"), which is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Further, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, . . . or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

## III. THE ALJ'S DECISION

As an initial matter, the ALJ found that Mr. Perkins meets the insured status requirements of the Act through September 30, 2014, for purposes of DIB. At step one, the ALJ found that Mr. Perkins had not engaged in substantial gainful activity since July 30, 2007, the alleged onset date. She concluded that Mr. Perkins's wages paid in 2008, 2009 and 2010 were income from both a workers' compensation settlement and a buyout from his former employer, Chrysler. At step two, the ALJ found that Mr. Perkins had the following severe impairments: degenerative disc disease of the lumbar spine and depression. At step three, the ALJ found that Mr. Perkins does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ concluded that Mr. Perkins has the residual functional capacity to perform light work, except he is limited to unskilled work, occasional use of foot controls, and occasional climbing of ramps and stairs. He should never climb ladders, ropes or scaffolds; can occasionally, but not repetitively, stoop, balance, kneel, crouch, or crawl; is limited to occasional exposure to slippery, uneven surfaces. With respect to his mental RFC, the ALJ concluded that Mr. Perkins has the mental capacity to understand, remember, and follow simple instructions; he can perform simple, routine, repetitive, concrete and tangible tasks; and he is able to sustain attention and concentration skills to carry out work-like tasks within reasonable pace and persistence. At step four, the ALJ determined that Mr. Perkins is unable to perform any of his past relevant work. At step five, the ALJ found that considering Mr. Perkins's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, thus concluding that he is not disabled as defined in the Act.

## IV. ANALYSIS

Mr. Perkins asserts that the ALJ improperly determined that he was not disabled from his alleged onset date through the date of the ALJ's decision, arguing that he was disabled from July 30, 2007 through April 9, 2012. He argues that the evidence available to the ALJ on the date of her decision was the same as the evidence used to make a favorable determination by the Social Security Administration on January 16, 2014, finding that Mr. Perkins was disabled as of April 10, 2012. Mr. Perkins's assertion is not entirely correct. According to the Explanation of Determination from the Social Security Administration, dated January 16, 2014, additional medical records received after the ALJ's decision were used to determine that Mr. Perkins was found to be disabled as of April 10, 2012. ([Filing No. 25-1, at ECF p. 2](Filing No. 25-1, at ECF p. 2).) This explanation, attached to Mr. Perkins's brief, clearly states that these records were received by the Social Security Administration in 2013. The ALJ cannot be found to have committed error by failing to consider evidence that was not before her. *Eads v. Sec'y of Dep't of Health & Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993) ("[T]he decision reviewed in the courts is the decision of the administrative law judge. . . . The correctness of that decision depends on the evidence that was before him. . . . He cannot be faulted for having failed to weigh evidence never presented to him.") (internal citations omitted). Thus, Mr. Perkins's sole argument is directly contradicted by his evidence showing that additional information was considered in his second disability determination.

Mr. Perkins does not point to any other evidence the ALJ failed to consider which shows that his impairments met or medically equaled any of the listed impairments from July 30, 2007 through April 9, 2012. He has not met his burden of proof, which at all times remains on the claimant to prove the medical basis for a finding of disability. *See Ribaudo v. Barnhart*, 458 F.3d

7

580, 583 (7th Cir.2006) ("[T]he claimant] has the burden of showing that his impairments meet a listing, and he must show that his impairments satisfy all of the various criteria specified in the listing."). The ALJ provided a very thorough and detailed opinion in support of her determination following the remand by the Appeals Council. The Court finds that the ALJ supported her decision with substantial evidence, and there is no basis upon which to find reversible error.

With respect to Mr. Perkins's request for compensatory damages and damages for mental anguish, the Act does not provide for such a recovery, either for delays in processing claims or otherwise. *Schweiker v. Chilicky*, 487 U.S. 412, 424, 108 S. Ct. 2460, 2468, 101 L. Ed. 2d 370 (1988) ("The [Social Security] Act . . . makes no provision for remedies in money damages[.]"). Thus, even if Mr. Perkins had shown that the ALJ committed reversible error, "there is no legal basis under the Constitution or the Social Security Act to grant plaintiff punitive or compensatory damages." *Talanker v. Barnhart*, 487 F. Supp. 2d 149, 160 (E.D.N.Y. 2007).

## V. CONCLUSION

For the reasons set forth above, the Court concludes that the ALJ did not commit reversible error in her opinion dated April 9, 2012. Therefore, the decision of the Commissioner is **AFFIRMED** and Mr. Perkins's appeal is **DISMISSED**. Final judgment shall issue in a separate entry.

**SO ORDERED.**

Date: 3/3/2015

*[signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stacy K. Perkins
4440 North Arlington Avenue
Indianapolis, Indiana  46226

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov